# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 21, 2017

v

No. 330012
Genesee Circuit Court
LC No. 15-036639-FC

DEWAN LEE ODOM,

        Defendant-Appellant.

Before: TALBOT, C.J., and MURRAY and BOONSTRA, JJ.

PER CURIAM.

Defendant pleaded no contest to unarmed robbery, MCL 750.530, second-degree home invasion, MCL 750.110a(3), and felonious assault, MCL 750.82. The trial court sentenced defendant to concurrent prison terms of 84 to 180 months each for the unarmed robbery and second-degree home invasion convictions, and 24 to 48 months for the felonious assault conviction. After this Court denied defendant's delayed application for leave to appeal his sentences,[1] our Supreme Court, in lieu of granting leave to appeal, remanded the case to this Court for consideration as on leave granted.[2] We remand for further inquiry into defendant's sentence consistent with *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

In his sole issue on appeal, defendant argues that he is entitled to a *Crosby*[3] remand because the trial court engaged in judicial fact-finding at sentencing to mandatorily increase his sentencing guidelines range, thereby violating his rights under the Sixth Amendment. The prosecution concedes that remand is required. We agree. Because defendant did not object on this basis at sentencing, this issue is unpreserved, and therefore, review is limited to plain error affecting defendant's substantial rights. *Lockridge*, 498 Mich at 392.

---

[1] *People v Odom*, unpublished order of the Court of Appeals, entered January 13, 2016 (Docket No. 330012).

[2] *People v Odom*, 499 Mich 982; 882 NW2d 157 (2016).

[3] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

-1-

As defendant observes, shortly after he was sentenced, our Supreme Court decided *Lockridge* and held that Michigan's sentencing guidelines are constitutionally deficient, in violation of the Sixth Amendment, to the extent that they "require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range . . . ." *Id*. at 364. To remedy this deficiency, the Court held that the guidelines are advisory only. *Id*. at 365. The Court explained that in cases where the guidelines were mandatory at the time of sentencing, if the facts "admitted by a defendant or found by the jury verdict were *insufficient* to assess the minimum number of OV points necessary for the defendant's score to fall in the cell of the sentencing grid under which he or she was sentenced[,] . . . an unconstitutional constraint [will have] actually impaired the defendant's Sixth Amendment right." *Id*. at 395. The Court further held that "in cases in which a defendant's minimum sentence was established by application of the sentencing guidelines in a manner that violated the Sixth Amendment, the case should be remanded to the trial court to determine whether that court would have imposed a materially different sentence but for the constitutional error." *Id*. at 397.

We agree with defendant that the facts underlying the 15-point score for OV 8 (victim asportation or captivity) and the 10-point score for OV 12 (contemporaneous felonious criminal acts) are not encompassed by defendant's plea-based convictions or any other admission by defendant.[4] Further, the scores for these OVs affect defendant's placement in the particular cell of the sentencing grid under which he was sentenced. The trial court scored the guidelines for defendant's convictions of unarmed robbery and second-degree home invasion, which are class C offenses. MCL 777.16f and MCL 777.16y. Defendant received a total OV score of 86 points, which combined with his 24 prior record variable points, placed him in the C-VI cell of the applicable sentencing grid, for which the minimum sentence range is 43 to 86 months. MCL 777.64. The scores for OVs 8 and 12 increased defendant's total OV score from 61 points to 86 points, which in turn changed his placement in OV Level V (36 - 71 points) to OV Level VI (75+ points), resulting in a higher guidelines range. Because defendant's minimum sentence range was actually constrained by a Sixth Amendment violation, and he was not subject to an upward departure, he is entitled to a *Crosby* remand for further inquiry. *Lockridge*, 498 Mich at 395-396.

On remand, the trial court must determine whether it would have imposed materially different sentences but for the unconstitutional constraint on its discretion because of the mandatory application of the guidelines at the time of defendant's original sentencing. *Lockridge*, 498 Mich at 397. The trial court shall follow the procedure described in *Lockridge*. Defendant must be given the option of promptly notifying the trial judge that resentencing will not be sought. If notification is not received in a timely manner, the trial court shall continue with the proceeding. If the trial court determines that it would have imposed the same sentences

---

[4] Under *Lockridge*, the phrase "admitted by the defendant" means "formally admitted by the defendant *to the court*, in a plea or in testimony or by stipulation or by some similar analogous route." *People v Garnes*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324035); slip op at 3.

absent the unconstitutional constraint on its discretion, it may reaffirm the original sentences. If, however, the court determines that it would not have imposed the same sentences absent the unconstitutional constraint on its discretion, it shall resentence defendant. *Id*. at 396-399.

      Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.


                        /s/ Michael J. Talbot
                        /s/ Christopher M. Murray
                        /s/ Mark T. Boonstra